IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC WAYNE GRINDER. | Crim. Action No. CCB-17-0226<br>Civil Action No. CCB-20-3343 |

## MEMORANDUM

Eric Wayne Grinder is a federal prisoner serving a 360-month sentence for child pornography and witness tampering charges. He filed a motion to vacate under 28 U.S.C. § 2255, which has been fully briefed. *See* Mot. to Vacate, ECF 175 ("Mot."); Opp'n to Mot., ECF 181 ("Opp'n"); Reply in Supp., ECF 185 ("Reply"). For the reasons that follow, the motion will be denied.

## BACKGROUND

From approximately June 2013 to June 2016, Grinder committed and filmed various acts of sexual abuse of his adopted daughter, Jane Doe, who turned ten in 2016. Am. Presentence Report ¶¶ 2, 5, ECF 134 ("PSR"). On April 26, 2017, a federal grand jury returned an indictment against Grinder for five counts of production and possession of child pornography. Indictment, ECF 1. After his arrest and detention, Grinder attempted to have his sister contact Jane Doe and coach the child to recant her earlier statements that Grinder had sexually abused her. PSR ¶¶ 28-29; Trial Tr. vol. 1 at 63-66, ECF 144. Grinder subsequently was charged in a third superseding indictment with one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a); five counts of production of child pornography in violation of 18 U.S.C. § 2251(a); two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and one

1

count of witness tampering in violation of 18 U.S.C. § 1512(b)(1). Third Superseding Indictment, ECF 82.

Prior to trial, experienced counsel from the Federal Public Defender's Office vigorously litigated a motion to suppress, seeking to exclude from evidence incriminating images found on Grinder's cell phone and a laptop; the cell phone and laptop were taken in the course of a search of Grinder's residence. Mot. to Suppress, ECF 33. Following an evidentiary hearing on January 26, 2018, the court issued a memorandum and order denying the motion to suppress. Mem., ECF 54; Order, ECF 55. Plea negotiations followed, but the government was not willing to accept a conditional plea that would have allowed Grinder to appeal the suppression ruling, Correspondence, ECF 71; Trial Tr. vol. 1 at 5, nor did it agree to a bench trial with stipulated facts, Sentencing Tr. at 15-16, ECF 155. Accordingly, the case proceeded to trial before a jury, and Grinder was convicted on all counts. Verdict, ECF 111. Throughout the trial, with no objection raised by Grinder, defense counsel made it clear to the jury and the court that Grinder accepted responsibility and would not be contesting the government's evidence. Trial Tr. vol. 1 at 28-29; Sentencing Tr. at 29-30. Indeed, the court awarded two points off the guideline range at sentencing, although the eventual guideline level of 43 did not change. Sentencing Tr. at 16. Considering, among many 18 U.S.C. § 3553(a) factors, Mr. Grinder's apparent factual acceptance of responsibility, the court sentenced Mr. Grinder to a total of 30 years rather than the 90 years requested by the government, with restitution as later agreed, Joint Mot. to Include Restitution, ECF 152, and a lifetime of supervised release, Sentencing Tr. at 42-45; Am. J., ECF 153.

On direct appeal, Grinder's appellate counsel raised only the denial of the suppression motion. The Fourth Circuit upheld the denial and affirmed the conviction. CA4 J., ECF 156-1.

**ANALYSIS**

Preliminarily, to the extent Grinder seeks to raise issues which could have been raised on direct appeal, he is procedurally defaulted from doing so. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quoting *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)). To raise these claims he would have to show cause and prejudice or actual innocence. *Id.* (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004)); *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Grinder's primary focus is on his defense counsel's alleged ineffective assistance. These issues will be addressed in turn, under the framework set forth in *Strickland v. Washington*, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that the deficient performance prejudiced the defense" such that the defendant was deprived "of a fair trial, a trial whose result is reliable." 466 U.S. 668, 687 (1984). Defense counsel's performance must be considered in context, and the court must "apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (citing *Strickland*, 466 U.S. at 689 and quoting *Harrington v. Richter*, 562 U.S. 86, 100 (2011)).

First, his claim that the Speedy Trial Act, 18 U.S.C. § 3161, was violated, even if cognizable, is without merit because appropriate findings were made and orders were entered, *see* Orders Excluding Time, ECFs 18, 28, 60, and because Grinder has shown no prejudice from the continuances, *Hade v. United States*, No. 10-cr-0786-RDB, 2014 WL 1125364, at *5 (D. Md. Mar. 19, 2014) (citing *United States v. Thomas*, 305 F. App'x 960, 964 (4th Cir. 2009)). Further, Grinder never raised and does not meet the standards for showing a constitutional violation of his Sixth

3

Amendment Speedy Trial right. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972).

Second, he claims that counsel should have introduced evidence of his voluntary intoxication at the time the images were produced. Such a defense ordinarily would require expert testimony, which has not been proffered. *See United States v. Jimenez*, No. 16-cr-60-A, 2019 WL 2211458, at *9 (W.D.N.Y. May 22, 2019) (citing Fed. R. Evid. 701(c), 702). Nor would such a defense have been consistent with the trial strategy of not contesting the facts, which the government in any event proved by overwhelming evidence. *See United States v. Agnello*, 158 F. Supp. 2d 286, 288 (E.D.N.Y. 2001).

Third, the motion to suppress was carefully and thoroughly litigated, denied in a written opinion by this court, and appealed to the Fourth Circuit. *See* Mem., ECF 54; CA4 J. That Grinder disagrees with the outcome does not mean counsel's performance was deficient, nor has he demonstrated any specific failure on counsel's part to raise an issue or call a witness that would have changed either court's ruling. *See generally* Mot. Hr'g Tr., ECF 64; *Brown v. United States*, No. 07-cr-0535-CCB, 2012 WL 1969677, at *1-2 (D. Md. May 31, 2012). As with the sentencing, counsel's decisions about which witnesses, if any, to call are ordinarily matters of trial strategy, unlikely to constitute ineffective assistance. *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004); *see United States v. Crum*, 65 F. Supp. 2d 348, 351-52 (D. Md. 1999).

Fourth, Grinder appears to complain that Jane Doe's mother, Alisha Grinder, was not called to testify at the sentencing hearing, nor was Heidi Grinder, Grinder's ex-wife. But a victim impact statement from Alisha Grinder was introduced at sentencing by the government and was not helpful to Grinder. Sentencing Tr. at 18-19. Heidi Grinder was not called to testify at sentencing but Grinder proffers no specific testimony she would have offered that could have supported a

better result. Moreover, Heidi Grinder did come to court and submitted a letter which was considered at the time of sentencing. Sentencing Tr. at 33-34.

Fifth, Grinder claims that the jury instructions were incorrect as to the definition of "production," and asserts that counsel was ineffective for failing to raise this issue. But the court correctly instructed the jury on the elements of the offenses charged. *See* Trial Tr. vol. 3 at 22-37, ECF 147. This was consistent with the law. *United States v. Lively*, 852 F.3d 549, 560 (6th Cir. 2017) ("Nearly every other circuit to consider this question agrees that an individual produces child pornography when he copies visual depictions of child pornography onto a hard drive . . . or other digital storage device."); *cf. United States v. Caley*, 355 F. App'x 760, 761 (4th Cir. 2009).

Sixth, the indictment was not multiplicitous. *United States v. Smith*, 919 F.3d 1, 15-16 (1st Cir. 2019).

Seventh, there was more than sufficient evidence to prove that production of the images was a purpose of Grinder's actions in filming his abuse of Jane Doe. The government does not need to show that production was the only purpose of the filming. *United States v. Palomino-Coronado*, 805 F.3d 127, 130-31 (4th Cir. 2015); *United States v. Fifer*, 863 F.3d 759, 768 (7th Cir. 2017). Unlike in *Palomino-Coronado*, where only one sexually explicit photograph was taken and subsequently deleted, 805 F.3d at 132, Grinder's conduct involved multiple images taken over the course of his abuse of Jane Doe found on his cell phone and on his laptop computer, as well as results of an internet search that plainly implied Grinder had a purpose of creating sexually explicit images of Jane Doe, permitting an inference of specific intent, *id.* at 131 (citing *United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008)). Any direct challenge to the sufficiency of the evidence has been procedurally defaulted, and Grinder has failed to show any ineffective

assistance of counsel in not raising the issue at trial or on appeal.[1]

Eighth, the jurisdictional requirement was satisfied by showing that Grinder used digital devices, a Samsung SM – G900V mobile phone and a Toshiba Satellite laptop, that had traveled in interstate or foreign commerce to produce the sexually explicit images of Jane Doe. Trial Tr. vol. 2 at 28, ECF 146 (stipulating that the laptop and mobile phone were manufactured in China); *Hade*, 2014 WL 1125364, at*6 (citing *United States v. Forrest*, 429 F.3d 73 (4th Cir. 2005)).

Ninth, any arguments about the court's alleged errors in pronouncing sentence are procedurally defaulted. To the extent Grinder complains about counsel's alleged failure to offer mitigating evidence or argue for a variant sentence under the 18 U.S.C. § 3553(a) factors, the transcript shows he is plainly wrong; counsel made multiple arguments in favor of a below-Guidelines sentence. *See, e.g.*, Sentencing Tr. at 35-36. She achieved that result.[2]

## CONCLUSION

For all the reasons stated above, Grinder has failed to show that he is entitled to any relief under 28 U.S.C. § 2255.  His motion will be denied by a separate order which follows.

    1/9/2024                                     /s/
Date                                         Catherine C. Blake
                                                 United States District Judge

---

[1] The incredible nature of Grinder's argument is exemplified by his statement that it was possible "Jane Doe herself stripped down and requested the photos." Reply at 13.

[2] The court has addressed in this opinion the great majority of Grinder's claims. All claims have been considered, and those not mentioned here were considered and found to be without merit.